FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 24, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASHLEAH H., | No. 2:22-CV-00323-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO AFFIRM |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ECF Nos. 13, 19 |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF No. 13, 19. Attorney David L. Lybbert represents Plaintiff; Special Assistant United States Attorney Katherine B. Watson represents the Commissioner of Social Security ("Defendant"). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's motion to affirm the decision of the Commissioner and **DENIES** Plaintiff's motion to reverse.

## JURISDICTION

On July 15, 2019, Plaintiff filed an application for Supplemental Security Income alleging disability since April 1, 1996, due to sclerosis, skeletal dysplasia, and anxiety. Tr. 272, 297. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse K. Shumway held a

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

1    hearing on December 15, 2021, Tr. 77-116, and issued an unfavorable decision on
2    January 12, 2022, Tr. 12-38.  The Appeals Council denied Plaintiff's request for
3    review on November 2, 2022.  Tr. 1-6.  The ALJ's January 2022 decision thus
4    became the final decision of the Commissioner, which is appealable to the district
5    court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review
6    on December 22, 2022.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was 4 years old on the alleged disability onset date, April 1, 1996, and 27 years old on the disability application date, July 15, 2019.  Tr. 272. Plaintiff's disability report indicates she completed the 12th grade in school in 2010, Tr. 298, worked part-time as a waitress for less than a year in 2010/2011, Tr. 298, and stopped working on January 1, 2011, because of her conditions, Tr. 297. She testified at the administrative hearing on December 15, 2021, that she was not able to continue to work as a waitress because the job duties caused pain and tears. Tr. 97.  Plaintiff experienced daily pain and spasms in her upper, lower and mid-back.  Tr. 100.  She stated she also had issues with her feet and ankles, had general headaches about once a week, had two to three migraine headaches per month, took medication for anxiety and depression, and had a poor memory.  Tr. 102-104.

Plaintiff indicated she could stand for 35 to 40 minutes at a time, Tr. 101, walk less than a block at one time, Tr. 107, and sit for 45 minutes at a time, Tr. 101.  She stated she is typically in a resting posture for more than 50% of the day. Tr. 107.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed

only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d

386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 12, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 15, 2019, the disability application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: scoliosis status post surgical fusion, degenerative disc disease of the lumbar and cervical spine, skeletal dysplasia, obesity, fibromyalgia, and anxiety disorder. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she can stand and walk for 2 to 4 hours total in combination in an 8-hour workday; she requires the option to stand and stretch at the workstation for 1 to 2 minutes after every 30-40 minutes of sitting; she cannot climb ladders, ropes or scaffolds; she cannot kneel, crouch, or crawl; she can occasionally perform all other postural activities, such as climbing ramps and stairs, stooping, and balancing; she can occasionally rotate her torso; she can frequently reach with the bilateral upper extremities; she can frequently push and pull with the bilateral upper extremities; she cannot have concentrated exposure to extreme cold; she can tolerate no more than moderate noise levels; she can have no exposure to vibration or workplace hazards (e.g., unprotected heights or moving mechanical parts); and she is limited to simple, routine tasks. Tr. 22.

At step four, the ALJ indicated that a finding about the capacity for past relevant work was not made because all potentially applicable Medical-Vocational Guidelines would direct a finding of "not disabled" given the individual's age, education, and residual functional capacity; therefore, the ALJ found this information was not material. Tr. 30.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of office helper, storage rental clerk, and outside deliverer. Tr. 30-32.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act from July 15, 2019, the application date, through January 12, 2022, the date of the ALJ's decision. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review: (1) did the ALJ properly evaluate the medical opinion evidence; (2) did the ALJ fail to properly assess Plaintiff's RFC; (3) did the ALJ fail to consider as "severe impairments" Plaintiff's migraine headaches and fibromyalgia; (4) did the ALJ fail to properly evaluate the mental conditions affecting Plaintiff by failing to look at the record in a longitudinal fashion; and (5) did the ALJ fail to meet his burden at step five. ECF No. 13 at 2.

## DISCUSSION

**A.    Plaintiff's Subjective Complaints**

Although not mentioned in the "issues" section of Plaintiff's opening brief, ECF No. 13 at 2, a significant portion of Plaintiff's briefing specifically challenges the ALJ's evaluation of her subjective complaints, ECF No. 13 at 17-21.

1  Defendant responds that the ALJ provided several legally sufficient reasons for
2  discounting aspects of Plaintiff's symptom testimony. ECF No. 19 at 10-19.
3      It is the province of the ALJ to make credibility determinations. *Andrews*,
4  53 F.3d at 1039. However, the ALJ's findings must be supported by specific
5  cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent
6  affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's
7  testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th
8  Cir. 1996). "General findings are insufficient: rather the ALJ must identify what
9  testimony is not credible and what evidence undermines the claimant's
10 complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.
11 1993).
12     In this case, the ALJ found Plaintiff's medically determinable impairments
13 could reasonably be expected to produce some of the alleged symptoms; however,
14 Plaintiff's statements concerning the intensity, persistence, and limiting effects of
15 those symptoms diminished the capacity for basic work activities only to the extent
16 to which they could reasonably be accepted as consistent with the objective
17 medical and other evidence of record. Tr. 23.
18     The ALJ first determined that the objective medical evidence did not support
19 the extent of Plaintiff's symptom allegations. Tr. 23. A lack of supporting
20 objective medical evidence is a factor which may be considered in evaluating an
21 individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 947
22 F.2d 341, 345 (9th Cir. 1991); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th
23 Cir. 2006). Moreover, "[c]ontradiction with the medical record is a sufficient basis
24 for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r Soc. Sec.*
25 *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). In assessing a Plaintiff's subjective
26 pain and symptom testimony, an ALJ may consider whether the alleged symptoms
27 are consistent with the medical evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028,
28 1040 (9th Cir. 2007).

Plaintiff's briefing does not specifically address the ALJ's determination that her statements were not fully consistent with the medical record. *See* ECF No. 13 at 18-21. The Court ordinarily will not consider matters on appeal that are not specifically challenged in an opening brief, *Carmickle*, 533 F.3d at 1161 n.2, and will not "manufacture arguments for an appellant," *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because the Court will not consider claims that are not specifically and distinctly argued in an opening brief, any contention that the ALJ erred by concluding that the objective medical evidence did not support the severity of Plaintiff's alleged symptoms and limitations is deemed waived. Nevertheless, as noted by the ALJ, treatment and examination records contradict the degree of limitation alleged by Plaintiff in this case. Tr. 23-25. Accordingly, the Court finds substantial evidence supports the ALJ's finding that Plaintiff's subjective complaints were inconsistent with, and not fully supported by, the objective medical evidence of record.

The ALJ also found that the routine and conservative treatment Plaintiff has sought with respect to some of her allegedly disabling conditions contradicted her subjective complaints. Tr. 26. Evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment suggests a lower level of both pain and functional limitation).

As noted by the ALJ, during the relevant time period, Plaintiff engaged in no mental health counseling, no specialized pain management (as opposed to management by a generalist primary care provider), virtually no treatment for fibromyalgia, virtually no treatment for migraines, and no neurology treatment or emergent treatment for migraines or other conditions. Tr. 26. The ALJ stated, "[t]he claimant testified at the hearing that she has health insurance and is able to get whatever treatment she feels she needs, so the lack of treatment reflects that she

does not feel the need for treatment, which in turn shows her symptoms do not actually trouble her to the extent she now alleges." *Id*. Plaintiff, again, fails to challenge the ALJ's finding in this regard. *See Carmickle*, 533 F.3d at 1161 n.2. In any event, the Court finds that Plaintiff's routine and conservative treatment during the relevant time period was a legitimate reason for the ALJ to discount her claim of disabling symptomology.

The ALJ also indicated the record reflects Plaintiff had a limited work history. Tr. 26. The Ninth Circuit has held that "poor work history" or a showing of "little propensity to work" during one's lifetime may be considered as a factor which negatively affects a claimant's credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

As noted by the ALJ, and reflected by the record, Plaintiff had virtually no work history. Tr. 26. Plaintiff, again, fails to address the ALJ's finding in this regard. *See Carmickle*, 533 F.3d at 1161 n.2. The Court finds Plaintiff's limited work history was an additional valid reason, supported by substantial evidence, for discounting Plaintiff's subjective complaints in this case.

The ALJ additionally found that Plaintiff's statements to providers were inconsistent with her disability allegations. Tr. 26. In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). When a claimant fails to be a reliable historian, "this lack of candor carries over" to other portions of his or her testimony. *Thomas*, 278 F.3d at 959.

The ALJ specifically noted that despite claiming disabling symptoms, the record reflects Plaintiff stated she was able to be more active and her pain was well managed (Tr. 1865; September 2021); she requested that her surgeon increase her lifting restrictions, showing she perceived herself to be capable of greater activity

(Tr. 1902; October 2021); she reported she had done well over the years but just over the past few months had noticed worsening pain which was promptly corrected with surgery (Tr. 2100-2101; September 2020); and her prior statement to the agency indicated she could lift 20 pounds occasionally and sit, stand, and walk 30 to 40 minutes at a time, consistent with the ALJ's RFC determination (Tr. 388; May 2020 Function Report). Tr. 26. The ALJ also noted Plaintiff reported her anxiety was stable/under control with her current medications (Tr. 912 (October 2020); Tr. 921 (August 2020); Tr. 530 (October 2019)), and that Plaintiff made very few reports of migraines to her providers, inconsistent with her hearing testimony that she had two to three migraine headaches per month. Tr. 26.

Plaintiff has only challenged the ALJ's inconsistent statement findings with respect to her reports of migraine headaches. ECF No. 13 at 15-16. Plaintiff argues the record reflects multiple instances of reported headaches. *Id*. at 16 (citing Tr. 496, 549, 553, 832, 861, 867, 913 and 932).

Given the size of the record (over 2100 pages), directing the Court's attention to only eight citations that reference headaches does not convince the undersigned that the ALJ was wrong to interpret the record as having "very few reports of migraines," especially since two of those reports merely reference that Plaintiff took medication for headaches (Tr. 867, 932) and another report refers to headaches that occurred in conjunction with a cough, sore throat and body aches and ultimate diagnosis of a viral upper respiratory tract infection (Tr. 549, 551).

The Court finds that the weight of the record evidence supports the ALJ's conclusion that Plaintiff's inconsistent statements also detracted from her overall believability.

Finally, the ALJ also found Plaintiff's descriptions of her activities showed greater functional ability than she alleged. Tr. 25. It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, while the ALJ indicated

Plaintiff's allegations of total disability were inconsistent with her statements that she cares for her children, cares for her hygiene needs, schedules her own medical appointments, takes her medications independently, performs some household chores independently, drives, shops and can accomplish her basic activities of daily living within a reasonable amount of time, Tr. 25, the ALJ did not articulate in what way these activities specifically conflicted with Plaintiff's testimony. *See Fair*, 885 F.2d at 603 (one does not need to be "utterly incapacitated" to be disabled); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). The ALJ's finding that Plaintiff's reported level of activity was inconsistent with her subjective complaints is not supported.

Nevertheless, given the ALJ provided other valid reasons, supported by substantial evidence, for finding Plaintiff less than fully credible, *see supra*, the Court finds this error was harmless. *See Carmickle*, 533 F.3d at 1163 (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably

have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.

**B.    Nickerson Geneve, D.O.**

Plaintiff contends that the ALJ also erred by finding the opinion of Dr. Geneve persuasive but not crediting all limitations he assessed at the administrative hearing. ECF No. 13 at 12-14. Defendant responds that the ALJ reasonably considered and evaluated the opinion of medical expert Geneve. ECF No. 19 at 20-24.

Dr. Geneve testified as a medical expert at the December 15, 2021 administrative hearing. Tr. 80-94. He opined that Plaintiff would be limited to lifting 20 pounds occasionally and 10 pounds frequently, standing and walking for one to two hours each (two to four hours total), and sitting for up to six hours with upper extremity, postural and environmental limitations. Tr. 87. On cross-examination, Dr. Geneve stated that, pre-surgery, Plaintiff's ability to carry out a 40-hour workweek at the light exertion level "could" be challenging. Tr. 89. He indicated he did not see evidence of her orthopedic condition being exacerbated by her fibromyalgia, but agreed fibromyalgia had the potential to exacerbate pain levels. Tr. 89-90. Dr. Geneve indicated that the multi-level fusion of Plaintiff's back would limit her ability to rotate, twist and bend. Tr. 91-92. However, he opined Plaintiff would be limited to occasional for these activities, which he described as up to 33% of the day. Tr. 92-93. Dr. Geneve agreed with Plaintiff's counsel that Plaintiff's condition could potentially cause absenteeism, but he also stated, "for me to tell you she would miss one or two days [per month] would be a pure conjecture on my part." Tr. 94.

Contrary to Plaintiff's argument, ECF No. 13 at 13, Dr. Geneve did not testify that Plaintiff's ability to carry out a 40-hour workweek at the light exertion

level, pre-surgery, "would" be challenging or that fibromyalgia "would" exacerbate Plaintiff's underlying spinal condition; he did not state that Plaintiff's ability to bend and twist would be "less than occasional;" and, with respect to absenteeism, Dr. Geneve did not definitively state it would be possible for the potential absenteeism to exceed 2 days per month, instead testifying that "for me to tell you she would miss one or two days [per month] would be a pure conjecture on my part," Tr. 94. Plaintiff's briefing misinterprets the hearing testimony of Dr. Geneve.

The ALJ found Dr. Geneve's testimony persuasive and adopted his assessed limitations, Tr. 26-27, to find that Plaintiff was limited to light exertion level work with the restriction of standing and walking for only 2 to 4 hours total in combination in an 8-hour workday with the ability to stand and stretch at the workstation for 1 to 2 minutes after every 30-40 minutes of sitting, as well as upper extremity, postural and environmental limitations, *see* Tr. 22. Dr. Geneve did not opine to any greater limitations than those assessed in the ALJ's RFC determination. The Court finds the ALJ's RFC determination is consistent with and supported by the testimony of Dr. Geneve.

### C. Severe Impairments

Plaintiff next argues that the ALJ erred by failing to consider her migraine headaches as a severe impairment at step two of the sequential evaluation process. ECF No. 13 at 14, 15-16.[1] Defendant's brief asserts that the ALJ considered

---

[1] Although Plaintiff indicates in the "issues" section of her opening brief that an issue for this Court to review is whether the ALJ erred by failing to consider migraine headaches **and fibromyalgia** as severe impairments, ECF No. 13 at 2, Plaintiff's argument section does not address the ALJ's step two determination regarding fibromyalgia, ECF No. 13 at 11-25. Regardless, the ALJ found that Plaintiff's fibromyalgia was a severe impairment in this case. Tr. 17.

Plaintiff's migraine headaches and reasonably concluded this condition was not severe. ECF No. 19 at 3-5.

Plaintiff has the burden of proving she has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 423(d)(1)(A), 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows she has a severe impairment. 20 C.F.R. § 416.912(a). Step two is "a de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find a claimant lacks a medically severe impairment or combination of impairments at step two when this conclusion is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005). Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find the medical evidence clearly established Plaintiff did not have a severe impairment. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Webb*, 433 F.3d at 687.

The Court finds it significant that Plaintiff did not claim migraines or headaches when asked on her disability report form to list "all of the physical or mental conditions . . . that limit your ability to work." *See* Tr. 297 (scoliosis, skeletal dysplasia, and generalized anxiety were the only medical conditions listed as affecting her ability to work). Nevertheless, her headaches were discussed at the administrative hearing, Tr. 102-103, and the ALJ addressed headaches in his decision, Tr. 17-18, 26.

As discussed above, Plaintiff only cited to eight reports in the over 2100-page record that reference headaches. ECF No. 13 at 16 (citing Tr. 496, 549, 553, 832, 861, 867, 913 & 932). Therefore, it was not improper for the ALJ to interpret the record as having "very few reports of migraines," especially given that two of the reports cited by Plaintiff merely reference that Plaintiff took medication for headaches (Tr. 867, 932) and another report refers to headaches that occurred in

conjunction with a cough, sore throat and body aches and ultimate diagnosis of a viral upper respiratory tract infection (Tr. 549, 551). *See supra*.

Plaintiff's brief merely asserts that the ALJ "erred in failing to consider the migraine headaches as a 'severe limitation', and thereby fails to include the effect of the Plaintiff's headaches in the hypothetical presented to the VE." ECF No. 13 at 14. However, "the mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *Edlund v. Massanari*, 253 F.3d 1152, 1159-1160 (9th Cir. 2001) (a claimant must prove an impairment affects his ability to perform basic work activities). Plaintiff has failed to specify any functional limitations from headaches that were not accounted for by the ALJ.[2] Accordingly, any error the ALJ may have made in failing to find migraines as a severe impairment at step two was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to include impairment as severe at step two was harmless error where ALJ considered the limitations posed by the impairment at step four); *Johnson,* 60 F.3d at 1436 n.9 (an error is harmless when the correction of that error would not alter the result); *Burch,* 400 F.3d at 679 (an ALJ's decision will not be reversed for errors that are harmless).

The Court finds substantial evidence supports the ALJ's determination that headaches/migraines did not present greater than minimal limitations on Plaintiff's ability to perform basic work activities. Tr. 17-18.

D. **Mental Health Limitations**

Plaintiff next argues that, considering the ALJ's finding that Plaintiff had a "moderate" impairment in concentration, persistence and pace and Dr. Genthe's statement that Plaintiff cannot maintain focus and concentration for more than

---

[2]The ALJ expressly accounted for Plaintiff's headaches/migraines in the RFC assessment by limiting Plaintiff to work involving no more than moderate noise levels. Tr. 18, 22.

short periods, the ALJ erred by failing to include these specific mental health limitations in the RFC determination and hypothetical to the vocational expert. ECF No. 13 at 17. Defendant responds that the ALJ adequately accounted for Plaintiff's moderate mental limitations by restricting her to a range of simple and routine work. ECF No. 19 at 5-10.

Plaintiff is correct that the ALJ determined Plaintiff had moderate limitations in understanding, remembering or applying information and with regard to concentrating, persisting, or maintaining pace. ECF No. 13 at 17 referencing Tr. 19-20. However, the ALJ specifically and adequately accounted for these moderate mental limitations by restricting Plaintiff to the performance of simple, routine tasks. Tr. 20, 21, 22. As Defendant points out, ECF No. 19 at 6-7, this is consistent with Ninth Circuit case law which held that an ALJ adequately incorporated pace and other moderate mental limitations into an RFC by restricting the claimant to simple tasks. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony).

Plaintiff also argues that the ALJ failed to address Dr. Genthe's statement that Plaintiff cannot maintain focus and concentration for more than short periods. ECF No. 13 at 17. Plaintiff argument is without merit.

Dr. Genthe, a state consultative examiner, opined that Plaintiff was likely able to understand, remember and carry out short, simple instructions; likely able to maintain attention and concentration for brief periods of time, but unlikely for extended periods of time; likely able to perform simple work-like activities at a consistent pace; and able to maintain a regular work schedule and complete a normal 40-hour work-week. Tr. 477.

The ALJ found Dr. Genthe's opinion only "partially persuasive," indicating that some elements of the opinion (specifically the opinion that she was unlikely

ORDER GRANTING DEFENDANT'S MOTION . . . - 15

able to maintain attention and concentration for extended periods of time) were stated in such vague terms as to be of little assistance. Tr. 28. Plaintiff did not specifically challenge the ALJ's determination that Dr. Genthe's opinion was only "partially persuasive." *See Carmickle,* 533 F.3d at 1161 n.2 (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief).

The Court finds that ALJ adequately accounted for Plaintiff's mental health limitations by restricting her to simple and routine tasks. This determination is supported by the evidence of record and free of error.

**E.     Longitudinal Record**

Without elaboration, Plaintiff additionally argues that the ALJ erred by failing to consider the evidence in a longitudinal fashion. ECF No. 13 at 23-24. The Court finds this argument is also without merit.

Other than asserting that the ALJ "has not taken a longitudinal approach," ECF No. 13 at 24, Plaintiff has presented no evidence to support the assertion or otherwise demonstrate the ALJ's error in this regard. The Court agrees with Defendant, ECF No. 19 at 15-16, that the ALJ viewed the record longitudinally in assessing Plaintiff's RFC and reasonably chose examples representative of a broader development, *see* Tr. 22-30.

**F.     Step Five**

Plaintiff contends the ALJ erred at Step Five because the jobs identified by the vocational expert would be eliminated if the ALJ's RFC determination reflected all of the limitations Plaintiff has alleged. ECF No. 13 at 21-23. Defendant asserts the ALJ's RFC determination is supported by substantial evidence.

At Step Five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" *Zavalin v. Colvin*, 778 F.3d 842, 845

(9th Cir. 2015) (quoting *Johnson*, 60 F.3d at 1432).  The Commissioner considers the claimant's RFC, age, education, and work experience in order to determine if the claimant is able to perform a job in the national economy.  20 C.F.R. § 416.920(a).  The ALJ may also rely on the testimony of a vocational expert for information on what occupations a claimant can perform given his or her RFC.  20 C.F.R. § 416.966(e); *Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 689 (9th Cir. 2009).

Plaintiff has not demonstrated that the ALJ erred with respect to his analysis of the medical opinion evidence of record or that the ALJ's RFC determination lacks support.  *See supra*.  The Court thus finds the ALJ's RFC determination is supported by substantial evidence in this case.

At the administrative hearing, the vocational expert testified that with the RFC assessed by the ALJ, Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy, including the positions of office helper, storage rental clerk, and outside deliverer.  Tr. 109-111.  Since the vocational expert's testimony was based on a properly supported RFC determination by the ALJ, the Court finds the ALJ did not err by relying on the testimony of a vocational expert at step five of the sequential evaluation process.  Tr. 30-32.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error.  Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's motion to affirm the decision of the Commissioner, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's motion to reverse, **ECF No. 13**, is **DENIED**.

3. The Commissioner's final decision is **AFFIRMED**.

///

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for DEFENDANT and the file shall be CLOSED**.

DATED October 24, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE